**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50413 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00174-AG |
| v. | |
| RONALD WEBSTER HENDERSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted September 21, 2015**

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

Ronald Webster Henderson appeals from the district court's judgment and challenges the modification of his supervised release conditions to prohibit possession of sexually explicit material. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Henderson contends that the district court abused its discretion by modifying his conditions of supervised release to include a prohibition on possessing materials that depict or describe "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2). Henderson argues that the condition is overbroad and imposes a greater deprivation of liberty than is reasonably necessary. In light of Henderson's history and the possible connection between viewing adult pornography and viewing child pornography, the district court did not abuse its discretion when it concluded that a restriction on Henderson's access to adult pornography was necessary to achieve the goals of supervised release. *See* 18 U.S.C. § 3583(e); *United States v. Gnirke*, 775 F.3d 1155, 1159, 1162-63 (9th Cir. 2015). The condition as written, however, extends to non-pornographic materials involving adults, which is not justified by the record and deprives Henderson of more liberty than is reasonably necessary. *See Gnirke*, 775 F.3d at 1166. The district court, which did not have the benefit of *Gnirke* when it decided this case, appears to have intended that the condition prohibit only possession of adult pornography. We, therefore, vacate the condition as written and remand for the district court to reimpose the condition consistent with *Gnirke*. *See id.*

**VACATED and REMANDED with instructions**.

14-50413